

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00163-CR

ROSS BRANDON BREKHUS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 19F-1113-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Pursuant to a plea agreement, Ross Brandon Brekhus pled guilty to possession of a controlled substance in an amount less than one gram, and the trial court convicted him and sentenced him to two years' incarceration in a state jail facility. The trial court also suspended his sentence and placed him on three years' community supervision. Less than two years later, the State filed an amended motion to revoke his community supervision; Brekhus pled not true to the State's allegations; and after evidence was admitted in support of the allegations, the trial court found the allegations true, sentenced Brekhus to two years' incarceration, and assessed him the original court costs. Brekhus appeals the judgment revoking his community supervision.

Brekhus's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, as required by law. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Brekhus's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Brekhus with a copy of the brief and the motion to withdraw. Counsel also informed Brekhus of his right to review the record and to file a pro se response and provided Brekhus with a copy of the appellate record. By letter dated January 19, 2023, we notified Brekhus that his pro se response was due on or before February 21, 2023. By letter dated March 1, 2023, we notified Brekhus that the case would be submitted on briefs on March 22, 2023. Brekhus did not file a pro se response.

We reviewed the entire appellate record and independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). In this case, the nunc pro tunc judgment revoking community supervision has an entry under "Punishment and Place of Confinement" that recites "TO RUN CONSECUTIVELY W/ 18F116-202." However, the record shows that the correct cause number is 18F1116-202. Consequently, we will modify the judgment adjudicating guilt by changing the recited entry under "Punishment and Place of Confinement" to "TO RUN CONSECUTIVELY W/ 18F1116-202."

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. We affirm the trial court's judgment, as modified.[1]

Jeff Rambin
Justice

Date Submitted:     March 22, 2023
Date Decided:      March 29, 2023

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.